**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GAIL THOMPSON, et al.,<br><br>        Plaintiffs,<br><br>    vs.<br><br>TRANSAMERICA LIFE INSURANCE COMPANY,<br><br>        Defendant. | Case No. 2:18-cv-05422-CAS-GJSx<br>CLASS ACTION<br><br>**[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF PROPOSED NATIONWIDE CLASS ACTION SETTLEMENT AGREEMENT AND PRELIMINARY CERTIFICATION OF SETTLEMENT CLASS (Doc. 141)**<br><br>Hearing Date:  May 4, 2020<br>Hearing Time:  10:00 am<br>Courtroom:    8D – 8th Floor<br>Judge:    Hon. Christina A. Snyder |

This matter came before the Court on Plaintiffs' *Motion for Preliminary Approval of Proposed Nationwide Class Action Settlement and Preliminary Certification of Settlement Class* (the "Motion") (Doc.141), the terms of which are set forth in the Settlement Agreement and Release (the "Settlement Agreement"), including the exhibits thereto (collectively, the "Proposed Settlement") (Doc. 143-

1).[1] The Proposed Settlement, if approved, will provide settlement benefits on the Final Settlement Date to members of a nationwide Settlement Class, and will resolve all claims alleged in the above referenced matter, hereinafter known as the "Action."

Plaintiffs allege that Defendant Transamerica Life Insurance Company ("TLIC") imposed a series of contractually prohibited increases in the Monthly Deduction Rates ("MDRs") used to determine the monthly deductions withdrawn each month from the accumulation values of certain TLIC universal life policies (collectively the "Policies") owned by members of the proposed Settlement Class (collectively, the "Policyowners"). TLIC implemented these challenged MDR increases during 2017 and 2018 (collectively, the "MDR Increases"), ultimately increasing the MDRs on approximately 7,800 Policies originally issued between approximately 1997 and 2001. Plaintiffs allege, among other claims, that the MDR Increases contravene certain contractual terms in the Policies. TLIC denies these allegations.

Plaintiffs and TLIC advise that they have reached the Proposed Settlement only after many months of extensive arm's-length negotiations between Co-Lead Class Counsel and TLIC's Counsel, under the auspices of a highly regarded mediator, the Honorable Dickran Tevrizian (Ret.), of JAMS Los Angeles. Having carefully reviewed the Settlement Agreement, including the exhibits thereto, and having considered the briefing submitted in support of the unopposed motion and the arguments of counsel thereon, the Court finds that the Proposed Settlement should be and hereby is preliminarily approved as fair, reasonable and adequate to Plaintiffs and the Settlement Class, free of collusion or any indicia of unfairness, and that the proposed Settlement Relief is within the range warranting potential final

---

[1] Capitalized terms in this order have the same meaning as the corresponding defined terms in the Settlement Agreement.

1

judicial approval. The Court therefore hereby GRANTS the motion and ORDERS as follows.

1. Except as otherwise stated, this Order incorporates the defined terms set forth in the Settlement Agreement.

2. For purposes of settlement, and conditioned upon the Settlement Agreement receiving final approval following the Fairness Hearing, the Court certifies the following opt-out plaintiff Settlement Class pursuant to Federal Rule of Civil Procedure 23(b)(3):

> All persons or entities who owned a Policy as of the Policy Status Date.
>
> Excluded from the Class are: (a) the Honorable Christina A. Snyder, United States District Court Judge of the Central District of California (or other Circuit, District, or Magistrate Judge presiding over the Action through which this matter is presented for settlement) and court personnel employed in Judge Snyder's (or such other Judge's) chambers or courtroom; (b) TLIC and its parents, subsidiaries, successors, predecessors, and any entity in which TLIC has a controlling interest; (c) any officer or director of TLIC reported in its most recent Annual Statements; (d) Policyowners who properly execute and timely file a request for exclusion from the Settlement Class; (e) those Policyowners challenging the MDR Increases in any pending or resolved lawsuit against TLIC other than the Action; and (f) the legal representatives, successors, or assigns of any of the foregoing excluded Policyowners (but only then in their capacity as legal representative, successor, or assignee).

3. With respect to the Settlement Class, the Court finds, solely for purposes of effectuating the Settlement and for no other purpose, that:

   a. the members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the Action would be impracticable, as the Settlement Class comprises thousands of members;

   b. there are questions of law and fact common to the Settlement Class that predominate over individual questions, including whether TLIC breached the express terms of policy contracts common to the Settlement Class Members;

2

1      c. the claims of the representative Plaintiffs are typical of the claims of the
2         Settlement Class, and the representative Plaintiffs have no conflicts of
3         interest with the other Settlement Class Members, as all of them entered
4         into contracts with TLIC that were subject to the challenged MDR
5         Increases;
6      d. the representative Plaintiffs and Co-Lead Class Counsel can fairly and
7         adequately represent and protect the interests of the Settlement Class
8         Members, as shown by their qualifications, experience, investigation and
9         services performed to date; and
10     e. a class action is superior to other available methods for the fair and
11        efficient adjudication of the controversy as it relates to the Proposed
12        Settlement, considering the interests of the Settlement Class Members in
13        individually controlling the prosecution of separate actions, the extent and
14        nature of any litigation concerning the controversy already commenced by
15        Settlement Class Members, the desirability or undesirability of continuing
16        the litigation of these claims in this forum, and the difficulties likely to be
17        encountered in the management of a class action as it relates to the
18        Proposed Settlement.
19     4.    The Proposed Settlement, on the terms and conditions set forth in the
20 Settlement Agreement, is hereby preliminarily approved by this Court as being fair,
21 reasonable, adequate, and within the range of possible final judicial approval. The
22 Court finds that the Proposed Settlement resulted from non-collusive, arm's-length
23 negotiations conducted in good faith by the Parties, and reflects a settlement that was
24 reached voluntarily after consultation with experienced legal counsel. In particular,
25 the Court finds:
26     (a) There is no evidence of collusion. The Proposed Settlement, as set forth in
27        the Settlement Agreement, resulted only after extensive arm's-length
28

1   negotiations. The Action was extensively and vigorously litigated prior to
2   any settlement. Plaintiffs and TLIC engaged in extensive arm's-length
3   negotiations before a nationally recognized and well-respected mediator,
4   the Honorable Dickran Tevrizian (Ret.), of JAMS, with extensive
5   experience in mediating complex class action consumer and insurance
6   cases. These extensive negotiations resulted in the Proposed Settlement
7   memorialized in the Settlement Agreement.

(b) The Proposed Settlement, as set forth in the Settlement Agreement, is sufficient to warrant dissemination of notice thereof to the Settlement Class Members and to conduct a final fairness hearing thereon. The Proposed Settlement provides for substantial cash payments and other monetary benefits to Settlement Class Members; includes valuable protections to Settlement Class Members concerning future MDR increases by TLIC and limitations on TLIC's claimed right to contest certain death claims; and provides Settlement Relief that is tailored to the different needs and interests of Settlement Class Members whose Policies are in effect or previously lapsed or terminated (by surrender or maturity). The Court has considered the realistic range of outcomes in the Action, the risks to all parties, including the amount Plaintiffs might receive if they prevailed at trial, the strengths and weaknesses of the claims asserted in the Action, the novelty and number of the complex legal issues involved, the risk that Plaintiffs would receive less than the Settlement Relief or take nothing at trial, and the risk of a reversal of any judgment based on a review of the Court's prior orders. The amount of benefits offered by the Proposed Settlement falls within the range of possible final approval based on these factors.

  (c) Before reaching the Proposed Settlement, Plaintiffs and TLIC fully and vigorously litigated their claims and defenses in extensive proceedings before this Court.

  (d) Before reaching the Proposed Settlement, Plaintiffs and TLIC also conducted extensive fact discovery, expert analysis, and engaged in extensive motion practice, including TLIC's motion to dismiss and the filing of Plaintiffs' motion for class certification. Based upon this vigorous and extensive litigation of relevant factual and legal issues raised in the Action and extensive evaluation of the underlying facts through investigation and formal discovery, Plaintiffs and TLIC were fully informed of the factual and legal bases for the claims and defenses herein, and were capable of balancing the risks of continued litigation (both before this Court and on appeal) and the benefits of the Proposed Settlement.

  (e) The Settlement Class is and was at all times adequately represented by the Class Representatives, Co-Lead Class Counsel and other counsel for Plaintiffs. Co-Lead Class Counsel submit that they have fully and competently prosecuted all causes of action, claims, theories of liability, and remedies reasonably available to the Settlement Class Members. Further, both Co-Lead Class Counsel and TLIC's Counsel are highly experienced trial lawyers with specialized knowledge specifically in insurance litigation, and complex class action litigation generally. Co-Lead Class Counsel and TLIC's Counsel are capable of properly assessing the risks, expenses, and duration of continued litigation, including at trial and on appeal. Co-Lead Class Counsel submit that the Class Settlement is fair and reasonable for the Settlement Class Members.

5.  The Court finds that Gail Thompson, Hans Sunder in his capacity as Trustee for the Sunder Irrevocable Trust, Debra Lewis, Diana Lewis, Michael H.

1  Stephens, Sandra Rosner in her capacity as Trustee of the Rosner 1998 Irrevocable
2  Trust Dated 5/19/98, Kathleen M. Swift, and Marc Soble in his capacity as Trustee
3  for the Marilyn B. Soble Irrevocable Trust Dated 11/19/1997 are able to fairly and
4  adequately represent the Settlement Class and appoints them as the Class
5  Representatives for the Settlement Class. Each of these Plaintiffs entered into a
6  Policy contract with TLIC that was subjected to the challenged MDR Increases.

7      6.    The Court appoints Andrew S. Friedman of Bonnett Fairbourn
8  Friedman & Balint, PC, Harvey Rosenfield of Consumer Watchdog, and Adam M.
9  Moskowitz of The Moskowitz Law Firm as Co-Lead Class Counsel for the
10 Settlement Class, finding that each of these attorneys is able to fairly and adequately
11 represent the Settlement Class.

12     7.    The Court approves the notice plan set forth in the Settlement
13 Agreement and the form of notice attached as Exhibit A thereto. The Court finds that
14 the Class Notice Package provides a sufficiently clear and concise description of the
15 Action, the terms of the Proposed Settlement, and the rights and responsibilities of
16 the Settlement Class Members. The Court further finds the dissemination of the
17 Class Notice through direct U.S. Mail and website as set forth in the Settlement
18 Agreement is the best means practicable, and is reasonably calculated to apprise the
19 Settlement Class Members of the Action and their right to participate in, object to,
20 or exclude themselves from the Proposed Settlement. Accordingly, the Parties are
21 directed to disseminate the Settlement Class Notice pursuant to the terms of the
22 Settlement Agreement. As set forth in the Settlement Agreement, all costs and
23 expenses incurred in connection with disseminating the Class Notice and Class
24 Notice Package shall be paid by TLIC.

25     8.    The Court approves the Parties' agreement that Rust Consulting serve
26 as the Settlement Administrator.  As set forth in the Settlement Agreement, all costs

and expenses incurred by the Settlement Administrator in connection with administering the Settlement shall be paid by TLIC.

9. The Court will conduct a Fairness Hearing, at which it will consider any objections to the Settlement Agreement and determine whether the Settlement Agreement should be finally approved, on August 31, 2020, commencing at 10:00 A.M.

10. Plaintiffs' Counsel shall file their motion for an award of attorneys' fees, litigation expenses and service awards no later than 14 days prior to the deadline for submission of Requests for Exclusion and Objections. The Court will rule upon the motion at the Fairness Hearing. As set forth in the Settlement Agreement, all such awards shall be paid from the Settlement Common Funds, with the exception of TLIC's agreement (if approved by the Court) to pay the first $8 million in fees and expenses to Plaintiffs' Counsel in addition to and independent of the Settlement Common Funds.

11. Any Settlement Class Member who has not filed a timely and proper written Request for Exclusion and who wishes to object to the fairness, reasonableness, or adequacy of the Proposed Settlement must file with the Court a statement of objection, within 45 days of the Notice Date (regardless of postmark date if sent by mail). Each such statement of objection must: (a) state the Settlement Class Member's full name, current address, telephone number, and applicable Policy number(s); (b) state that the Settlement Class Member objects to the Settlement, in whole or in part; (c) set forth a statement of the legal and factual basis for the objection; and (d) be accompanied by copies of any and all documents that the objecting Settlement Class Member has and will submit in support of his/her position. A Settlement Class Member who does not submit a timely and proper objection in accordance with this Settlement Agreement and the Class Notice, and as otherwise ordered by the Court, will not be treated as having filed a valid objection

to the Settlement. The Class Notice will inform the Settlement Class of this requirement. Settlement Class Members may so object either on their own or through an attorney hired at their own expense. If a Settlement Class Member hires an attorney to represent him or her, the attorney must (a) file a notice of appearance with the Clerk of the Court no later than 14 days before the Fairness Hearing, and (b) send a copy of the same to Co-Lead Class Counsel and counsel for TLIC by U.S. mail postmarked no later than 14 days before the date of the Fairness Hearing.

12. Any Settlement Class Member who timely files a proper written objection may appear at the Fairness Hearing in support of the objection, provided the notice of the intention to appear is given as specified in this Paragraph. Settlement Class Members or their attorneys who intend to make an appearance at the Fairness Hearing must file a notice of intention to appear with the Court no later than 14 days before the date of the Fairness Hearing. A Settlement Class Member who appears at the Fairness Hearing will be permitted to argue only those matters that were set forth in a written objection filed by such Class Member in accordance with Section VII, Paragraph 89 of the Settlement Agreement. No Settlement Class Member will be permitted to raise matters at the Fairness Hearing that the Settlement Class Member could have raised in such a written objection, but failed to do so, and all objections to the Settlement that are not set forth in such a written objection are deemed waived. Any Settlement Class Member who fails to comply with the applicable provisions of the Settlement Agreement and the class notice, and as otherwise ordered by the Court, will be barred from appearing at the Fairness Hearing. The Parties may serve and file responses to written objections at least 14 days prior to the Fairness Hearing, or as otherwise directed by the Court.

13. Any Settlement Class Member who fails to comply with the preceding provisions of this Order and with Section VII of the Settlement Agreement will waive and forfeit any and all rights he or she may have to appear separately and/or

8

object to the Proposed Settlement, and will be bound by all the terms of the Settlement Agreement and by all proceedings, orders, and judgments in the Action. A Settlement Class Member's objection to the Proposed Settlement will not affect his or her rights to participate in the Settlement Relief.

14. Any Settlement Class Member that wishes to be excluded from the Settlement Class must submit to Co-Lead Class Counsel a written Request for Exclusion sent by U.S. mail and postmarked no later than 45 days from the Notice Date. Co-Lead Class Counsel will file a list of all valid Requests for Exclusion with the Court 14 days prior to the Fairness Hearing. To be in proper form, the Request for Exclusion must: (a) state the identity of the Policyowner; (b) state the Policy number(s) to be excluded from the Settlement Class; (c) state that the Policyowner desires to be excluded from the Settlement Class; and (d) be signed by the Policyowner or by a person providing a valid power of attorney to act on behalf of such person or entity. If there are multiple Policyowners with respect to a single Policy (such as spouses), all owners must sign unless the signatory holds a valid power of attorney to act on behalf of all owners of the Policy.

15. Co-Lead Class Counsel will maintain the Post Office Box to which Requests for Exclusion are required to be sent, monitor exclusion requests for accuracy and completeness, request any needed clarifications, and provide copies of all such materials to TLIC's Counsel upon request.

16. Every Settlement Class Member who does not file a timely and proper written Request for Exclusion in accordance with the preceding provisions of this Order and with Section VI of the Settlement Agreement will be bound by all subsequent proceedings, orders, and judgments in the Action.

17. In the event the Court does not finally approve the Proposed Settlement or the Final Approval Order is not entered, any and all rights of the Parties existing prior to the execution of the Settlement Agreement, including but not limited to

9

Plaintiffs' right to seek certification of additional Plaintiff classes in the Action and TLIC's rights to oppose class certification, shall be preserved, and the Action shall proceed in all respects as if the Settlement Agreement and any related orders had not been entered. In such event, none of the terms of the Settlement Agreement shall be admissible in any trial or otherwise used against any Party, except to enforce the terms thereof that relate to the Parties' obligations in the event of termination.

18. The Parties are directed to carry out their obligations under the Settlement Agreement.

19. All Settlement Class Members are hereby preliminarily enjoined from filing, commencing, prosecuting, intervening in, participating in, maintaining, individually, as class members or otherwise, directly or indirectly through a representative or otherwise, receiving any benefits from, or organizing or soliciting the participation in, directly or indirectly, any lawsuit (including putative class actions), arbitration, remediation, administrative or regulatory proceeding or order in any jurisdiction, asserting any claims based on or relating to the claims or causes of action or the facts and transactions alleged or pursued in the Action or released by the Settlement Agreement; and from organizing Settlement Class Members into a separate class for purposes of pursuing as a purported class action any lawsuit (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) asserting any claims released by this the Settlement Agreement. Nothing in this Paragraph, however, shall require any Settlement Class Member to take any affirmative action with regard to other pending class action litigation in which they may be absent class members.

20. In no event shall this Order, the Settlement, or the Settlement Agreement, whether or not consummated, any of its provisions or any negotiations, statements, or court proceedings relating to them in any way be construed as, offered as, received as, used as, or deemed to be evidence of any kind in the Action, any

other action, or in any judicial, administrative, regulatory, or other proceeding, except in a proceeding to enforce this Settlement Agreement. Without limiting the foregoing, neither the Settlement Agreement nor any related negotiations, statements, or court proceedings shall be construed as, offered as, received as, used as, or deemed to be evidence or an adjudication, admission, or concession of any liability or wrongdoing whatsoever on the part of any person or entity, including, but not limited to, TLIC or Plaintiffs, or as a waiver by TLIC or Plaintiffs of any applicable claims or defenses.

    21.    For the benefit of the Settlement Class Members and as provided in the Settlement Agreement, this Court retains continuing jurisdiction over the implementation, interpretation, and enforcement of the Settlement Agreement.

**Summary of Applicable Dates**

| Event | Event Date |
| --- | --- |
| Mailing of Class Notice Package ("Notice Date") | June 18, 2020 |
| Class Fee and Expense Application | July 20, 2020 |
| Motion for Final Approval of Settlement Agreement | July 20, 2020 |
| Declaration of TLIC or professional Settlement Administrator re: compliance with provisions in Settlement Agreement re mailing of Class Notice Package | July 20, 2020 |
| Deadline for mailing Requests for Exclusions | August 3, 2020 |
| Deadline for filing Objections | August 3, 2020 |
| Deadline for TLIC to Exercise Option to Terminate the Settlement Agreement | No later than August 18, 2020 |
| Notice of Intention to Appear at Fairness Hearing | 14 days prior to Fairness Hearing |

11

| Event | Event Date |
|---|---|
| Reply in Support of Motion for Final Approval of Settlement Agreement | 14 days prior to Fairness Hearing |
| Reply in Support of Class Fee and Expense Application | 14 days prior to Fairness Hearing |
| TLIC's briefing, if any, relating to Motion for Final Approval of Settlement Agreement | 14 days prior to Fairness Hearing |
| Supplemental Declaration of TLIC or Settlement Administrator re compliance with provisions in Settlement Agreement re mailing of Class Notice Package | 14 days prior to Fairness Hearing |
| Filing of Exclusion List by Co-Lead Class Counsel | 14 days prior to the Fairness Hearing |
| Fairness Hearing | See Paragraph 9 above |
| Payment of Fee and Expense Contribution by TLIC | Within 14 days of entry of Fee and Expense Order |
| Payment of Service Awards by TLIC | Within 14 days of the Final Settlement Date |
| Payment of Settlement Relief by TLIC | Within 60 days of Final Settlement Date |

**IT IS SO ORDERED.**

Dated:     May 4, 2020

*Christina A. Snyder*

Hon. Christina A. Snyder
United States District Court Judge

12